**NOT FOR PUBLICATION**

```
            UNITED STATES DISTRICT COURT
               DISTRICT OF NEW JERSEY


RICHARD COLLINS,              :
                              :    Civil Action No. 07-4441 (RBK)
          Plaintiff,          :
                              :
     v.                       :        O P I N I O N
                              :
BETTIE HARRIS, et al.,        :
                              :
          Defendants.         :
```

**APPEARANCES:**

Richard Collins, Pro Se
#579648/882728C
Albert C. Wagner Youth Correctional Facility
P.O. Box 500
Bordentown, NJ 08505

**KUGLER**, District Judge

Plaintiff Richard Collins, a prisoner currently confined at Albert C. Wagner Youth Correctional Facility in Bordentown, New Jersey, seeks to bring this action in forma pauperis pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights.  Based on his affidavit of indigence and the absence of three qualifying dismissals within 28 U.S.C. § 1915(g), the Court will grant Plaintiff's application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a) and order the Clerk of the Court to file the Complaint.

At this time, the Court must review the Complaint to determine whether it should be dismissed as frivolous or

malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the following reasons, the Complaint will be dismissed, without prejudice.

## BACKGROUND

Plaintiff seeks to sue Bettie Harris, the Administrator of the Albert C. Wagner Youth Correctional Facility, George Hayman, the Commissioner of the New Jersey Department of Corrections, and John Corzine, the Governor of the State of New Jersey, for monetary relief for violations of his constitutional rights. Plaintiff states that on June 9, 2007, he was assaulted at the facility from behind by another inmate while on his way to lunch. Plaintiff states that the assault occurred in front of the tier correctional officer. As a result of falling during the attack, Plaintiff sustained injuries, and has a fear of walking in the building. Plaintiff states he was treated at the hospital for his injuries. He argues that the named defendants failed to provide him with safety.

## DISCUSSION

**A.   Standard of Review**

This Court must dismiss, at the earliest practicable time, certain in forma pauperis and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. See 28

U.S.C. § 1915(e)(2) (in forma pauperis actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions).

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992). The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). The Court need not, however, credit a pro se plaintiff's "bald assertions" or "legal conclusions." Id.

A pro se complaint may be dismissed for failure to state a claim only if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines, 404 U.S. at 521 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir. 1981). Where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment. See Alston v. Parker, 363 F.3d 229 (3d Cir. 2004); see also Denton v. Hernandez, 504 U.S. 25, 34 (1992); Grayson v. Mayview State Hospital, 293 F.3d

103, 108 (3d Cir. 2002) (dismissal pursuant to 28 U.S.C. § 1915(e)(2)); <u>Shane v. Fauver</u>, 213 F.3d 113, 116-17 (3d Cir. 2000) (dismissal pursuant to 42 U.S.C. § 1997e(c)(1)); <u>Urrutia v. Harrisburg County Police Dept.</u>, 91 F.3d 451, 453 (3d Cir. 1996).

**B.     Section 1983 Claims**

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law.  See <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988); <u>Piecknick v. Pennsylvania</u>, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

**C.     Plaintiff Has Not Named Proper Defendants.**

First, the Court notes that Plaintiff names the Administrator of the Prison, the Commissioner of the New Jersey Department of Corrections, and the Governor of the State of New

4

Jersey as the sole defendants.  These defendants, however, are not proper parties to this suit, as Plaintiff alleges no facts to indicate their knowledge or involvement in the wrongs against him.  "A defendant in a civil rights action must have personal involvement in the alleged wrongs, liability cannot be predicated solely on the operation of respondeat superior.  Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence."  Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988) (citations omitted).  Accord Robinson v. City of Pittsburgh, 120 F.3d 1286, 1293-96 (3d Cir. 1997); Baker v. Monroe Twp., 50 F.3d 1186, 1190-91 (3d Cir. 1995).

   The proper parties in Plaintiff's suit would be the state actors whom Plaintiff believes actually violated his rights.  If Plaintiff does not know the exact identity of the proper defendants who were personally involved in the alleged violations against him, he may plead "John Doe" and/or "Jane Doe" as defendants.  Courts within this circuit have permitted "fictitious-defendant pleading."  See Rolax v. Whitman, 175 F. Supp.2d 720, 728 (D.N.J. 2001)(citing Hindes v. F.D.I.C., 137 F.3d 148, 155 (3d Cir. 1998))(other citations omitted), aff'd, 53 Fed. Appx. 635 (3d Cir. 2002).  The use of fictitious defendants is permitted until the plaintiff has had an opportunity to conduct discovery.  See White v. Fauver, 19 F. Supp.2d 305, 312

n.8 (D.N.J. 1998).  However, "fictitious parties must eventually be dismissed, if discovery yields no identities."  <u>Hindes v. F.D.I.C.</u>, 137 F.3d 148, 155 (3d Cir. 1998).

Because Plaintiff asserts only <u>respondeat</u> <u>superior</u> liability against the named defendants, his claims are subject to dismissal.

**D.   <u>Eighth Amendment Failure to Protect Claim</u>**

Further, under the Eighth Amendment, prison officials have a duty to provide humane conditions of confinement, including adequate food, clothing, shelter, medical care, and personal safety.  <u>See</u> <u>Farmer v. Brennan</u>, 511 U.S. 825, 832 (1994); <u>Young v. Quinlan</u>, 960 F.2d 351, 364 (3d Cir. 1992).  Accordingly, prison officials must take reasonable measures "to protect prisoners from violence at the hands of other prisoners." <u>Farmer</u>, 511 U.S. at 833 (1994) (internal quotations omitted). "Being violently assaulted in prison is simply 'not part of the penalty that criminal offenders pay for their offenses against society.'"  <u>Id.</u> at 834 (quoting <u>Rhodes v. Chapman</u>, 452 U.S. 337, 347 (1981)).

To successfully state a claim for violation of the Eighth Amendment, an inmate must satisfy both the objective and subjective components of such a claim.  The inmate must allege a deprivation which was "sufficiently serious," and that in their actions or omissions, prison officials exhibited "deliberate

6

indifference" to the inmate's health or safety.  See Farmer, 511 U.S. at 834; Wilson v. Seiter, 501 U.S. 294, 305 (1991); Nami v. Fauver, 82 F.3d 63, 67 (3d Cir. 1996).

In the context of a failure to protect claim, the inmate must show that he is "incarcerated under conditions posing a substantial risk of harm," and that prison officials knew of and disregarded the excessive risk to inmate safety.  See Farmer, 511 U.S. at 833, 837.  "A pervasive risk of harm may not ordinarily be shown by pointing to a single incident or isolated incidents, but it may be established by much less than proof of a reign of violence and terror."  Riley v. Jeffes, 777 F.2d 143, 147 (3d Cir. 1985).  "Whether ... prison official[s] had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence, and a fact finder may conclude that ... prison official[s] knew of a substantial risk from the very fact that the risk was obvious."  Farmer, 511 U.S. at 842.  Deliberate indifference is more than a mere lack of ordinary due care, however; it is a state of mind equivalent to a reckless disregard of a known risk of harm.  See Farmer, 511 U.S. at 834.

Applying Farmer to the instant action, the first question is whether Plaintiff has alleged facts showing that inmates, or Plaintiff in particular, faced a substantial risk of assault. The second question is whether Plaintiff has alleged facts from

7

which it could be inferred that defendants were aware of and disregarded that risk.

It cannot be inferred from the facts alleged by Plaintiff that prison officials were aware of and disregarded any substantial risk of assault from fellow prisoners. Plaintiff has alleged merely that a fellow prisoner attacked him, unprovoked, from behind, for an unknown reason. Plaintiff does not allege facts which suggest that defendants were informed of a specific risk of harm to himself or other inmates, Nami, 82 F.3d at 67-68; Young, 960 F.2d at 362, or that "a substantial risk of inmate attacks was longstanding, pervasive, well-documented" or otherwise obvious to them, Farmer, 511 U.S. at 842; accord Hamilton v. Leavy, 117 F.3d 742, 747-48 (3d Cir. 1997); Ingalls v. Florio, 968 F. Supp. 193, 199-200 (D.N.J. 1997).

Plaintiff should note that while defendants may not have exercised due care in failing to prevent the incident, such negligence is insufficient to establish a violation of the Eighth Amendment. See Davidson v. Cannon, 474 U.S. 344, 345-48 (1986) (finding that prison officials' negligent failure to heed prisoner's notification of threats from another inmate, followed by an assault, is not a deprivation of constitutional rights); see also Schwartz v. County of Montgomery, 843 F. Supp. 962 (E.D. Pa.), aff'd, 37 F.3d 1488 (3d Cir. 1994) (stating that corrections officers' failure to observe institutional policies

regarding the supervision of dangerous inmates constitutes negligence, which cannot support a § 1983 action for violation of the Eighth or Fourteenth Amendments).

Because Plaintiff's failure to protect claim does not allege facts indicating a violation of Plaintiff's constitutional rights, the complaint will be dismissed, without prejudice, for failure to state a claim upon which relief may be granted.

## CONCLUSION

Based on the foregoing, Plaintiff's complaint will be dismissed, without prejudice.  See Alston, 363 F.3d at 234 n.7 (stating that with a complaint that makes "little sense," District Court could have dismissed complaint without prejudice, to permit Plaintiff to amend the complaint).  The Court notes that "generally, an order which dismisses a complaint without prejudice is neither final nor appealable because the deficiency may be corrected by the plaintiff without affecting the cause of action."  Martin v. Brown, 63 F.3d 1252, 1257-58 (3d Cir. 1995)(quoting Borelli v. City of Reading, 532 F.2d 950, 951 (3d Cir. 1976)).  In this case, if Plaintiff can correct the deficiencies of his complaint, he may file a motion to reopen these claims in accordance with the attached Order.

s/Robert B. Kugler
ROBERT B. KUGLER
United States District Judge

Dated: October 5, 2007